UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STACEY WINN, individually and as successor in interest to Petra Monika Winn, deceased, KORY MICHAEL WINN, individually and as successor in interest to Petra Monika Winn, deceased, BREEONNA WINN, individually and as successor in interest to Petra Monika Winn, deceased, ERIKA WINN, individually and as successor in interest to Petra Monika Winn, deceased,<br><br>              Plaintiffs,<br><br>     v.<br><br>CHRYSLER GROUP, LLC, a Delaware corporation, successor in interest to Daimler Chrysler Corporation; MAGNA POWERTRAIN, INC.; MAGNA INTERNATIONAL OF AMERICA, INC. also known as Magna Powertain; GREAT VALLEY CHRYSLER JEEP, an unknown business entity; ENTERPRISE RENT-A-CAR COMPANY, a California corporation; S.J. DENHAM, INC., a California corporation, DEBORAH MATISENGLE; and DOES 1 through 100, inclusive,<br><br>              Defendants. | No. 2:09-cv-02805-MCE-GGH<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

----oo0oo----

1

1   Plaintiffs have moved to remand this case back to the
2 Superior Court of the State of California in and for the County
3 of Shasta, where it originated, on grounds that the claims
4 against Defendant Chrysler Group, who removed the case to this
5 Court, do not arise under federal law.  Alternatively, Plaintiffs
6 also argue for remand on equitable grounds and further assert
7 that this Court should abstain from hearing the matter.  As set
8 forth below, Plaintiffs' Motion to Remand will be granted.

**BACKGROUND**

12   This wrongful death case arises from a motor vehicle
13 accident that occurred in Shasta County, California on August 13,
14 2007 as Plaintiffs' decedent, Petra Monika Winn, was driving a
15 2004 Chrysler Sebring automobile.  Ms. Winn was killed as a
16 result of the accident.  Through this action, Plaintiffs seeks
17 damages against alleged manufacturers/suppliers of the Chrysler
18 vehicle and its component parts (Defendants Chrysler Group,
19 LLC/Daimler AG and Defendants Magna Powertrain/Magna
20 International, who allegedly furnished the gas tank utilized in
21 the vehicle).  Additionally, Defendants include Great Valley
22 Chrysler Jeep, who purportedly sold the Chrysler vehicle to
23 Defendant Enterprise Rent-a-Car, S.J. Denham, Inc. who bought the
24 vehicle from Great Valley and sold it to Plaintiffs' decedent,
25 and Defendant Deborah Matisengle, who apparently drove the other
26 vehicle involved in the accident.
27 ///
28 ///

1    Defendant Chrysler Group removed the action to this Court on
2 grounds that under the terms of its purchase of Chrysler assets
3 from Chrysler Group's predecessor in interest, Chrysler Corp. LLC
4 (who is not a Defendant in this lawsuit), any successor liability
5 on Chrysler Group's part was specifically excepted.  Because that
6 agreement was approved by the bankruptcy court overseeing
7 Chrysler Corp.'s bankruptcy proceeding, Defendant Chrysler Group
8 removed Plaintiff's entire case to federal court pursuant to
9 28 U.S.C §§ 1452(a) and 1334, which provide for federal
10 jurisdiction on cases arising under or related to bankruptcy
11 proceedings under Title 11.
12   Plaintiffs argue that because the bankruptcy proceedings as
13 to Defendant Chrysler Group's predecessor at most give rise to a
14 defense available to Chrysler Group in this matter, it does not
15 arise under federal law because it does not derive from the
16 allegations of Plaintiffs' complaint itself.  Plaintiffs further
17 contend that equitable grounds also mandate remand.  They point
18 out that their complaint itself alleges only state law causes of
19 action, argue that Chrysler Group's potential bankruptcy defense
20 relates only to one of several different defendants sued in this
21 matter, and emphasize that the bankruptcy debtor, Chrysler Corp.
22 LLC, is not even a party to this lawsuit.
23   Defendant Chrysler Group argues that federal jurisdiction is
24 invoked because this matter qualifies as a "core" proceeding with
25 regard to Chrysler Corp's bankruptcy.  Chrysler Group
26 alternatively argues that Plaintiffs' claims against it are
27 "related" to the bankruptcy case in that they directly challenge
28 the bankruptcy debtor's sale of assets.

3

Finally, Chrysler Group argues that this Court has exclusive jurisdiction over bankruptcy issues like those raised herein, and that in any event the equities weigh in favor of exercising jurisdiction.

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566. Therefore, if it appears before final judgment that a district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

///
///
///

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well-pleaded state-law cause of action will be deemed to arise under federal law and support removal. They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

**ANALYSIS**

Defendant Chrysler Group does not dispute Plaintiffs' assertion that diversity is unavailable here as a basis for federal jurisdiction on grounds that several of the Defendants, like Plaintiffs, are California residents. Instead, Chrysler argues that a federal question confers jurisdiction on this Court. Although the causes of action pled in the Complaint itself are claims for negligence, products liability, and related claims arising under state law, Chrysler maintains that the bankruptcy of its predecessor in interest, Chrysler Corp. LLC, provides the requisite link to federal law.

1  Chrysler Group makes this contention despite the fact that
2  Chrysler Corp. LLC, the debtor in bankruptcy, is not a Defendant
3  to this lawsuit, and despite the fact that the bankruptcy
4  proceedings are not mentioned in Plaintiffs' Complaint.
5       Generally, "a cause of action arises under federal law only
6  when the plaintiff's well-pleaded complaint raises issues of
7  federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58,
8  63 (1987). A case cannot usually be removed to federal court on
9  the basis of a federal defense, alone. See Caterpillar Inc. v.
10 Williams, 482 U.S. 386, 393 (1987). An exception is recognized
11 if the controlling force of a federal statute is so strong that
12 it "completely preempts" an area of state law. Taylor, 481 U.S.
13 at 63-64.
14      Defendant Chrysler Group argues that the sale of Chrysler
15 Corp. LLC's assets, as approved by the bankruptcy court, is a
16 "core" bankruptcy proceeding under 11 U.S.C. §§ 157 (b) and
17 363(f). According to the Chrysler Group, this case qualifies as
18 a core proceeding because Plaintiffs' Complaint challenges the
19 bankruptcy court's sale order in the Chrysler Corp. LLC
20 bankruptcy case, by allegedly contending that the elimination of
21 successor liability to Chrysler Group was improper. Defendant
22 Chrysler Group argues that in core proceedings, a bankruptcy
23 court has "comprehensive power and may enter appropriate orders
24 and judgments." In re Petrie Retail Inc., 304 F.3d 223, 228 (2d
25 Cir. 2002).
26 ///
27 ///
28 ///

6

Defendant Chrysler further argues that because Plaintiffs filed a proof of claim in the Chrysler Corp. LLC bankruptcy case, they necessarily submitted to the bankruptcy court's jurisdiction, making this a core proceeding on that basis as well. Alternatively, Defendant Chrysler urges the court to assert subject matter jurisdiction on grounds that this proceeding is "related to" the bankruptcy case under 28 U.S.C. § 1334(b) since its outcome could conceivably effect the bankruptcy estate. See In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988).

Underlying all these asserted bases for federal jurisdiction is Defendant Chrysler's contention that Plaintiffs' claims against the Chrysler Group are a "direct challenge" to the bankruptcy court's Sale Order, with Plaintiff's state common law claims essentially amounting to "disguised" bankruptcy claims. See Def.s' Opp'n, 15:13-15, 18:10.  These contentions are specifically directed to the Plaintiffs' successor-in-interest claims against Chrysler Group.

Defendant Chrysler Group's claims in this regard lack merit inasmuch as Plaintiffs have voluntarily dismissed all of the successor claims against it; namely, the First through Fourth Causes of Action for Strict Liability, Negligence[1] and Breach of Implied Warranty, respectively.

///
///
///
///

---

[1] Both Plaintiffs' Second and Third Causes of Action sound in negligence.

7

1  Without those successor claims, even Defendant Chrysler's
2  Opposition to this Motion makes it clear that any reasoned basis
3  for federal jurisdiction is absent since it is only the successor
4  claims that Defendant Chrysler identifies as running afoul of the
5  bankruptcy court's Sales Order, which specifically exempted such
6  claims in Chrysler Group's asset purchase.  Plaintiffs' remaining
7  claims against Defendant Chrysler Group, as set forth in the
8  Fifth and Sixth Causes of Action, are for indemnity arising from
9  Defendant Chrysler's alleged obligations to its dealers.  Nowhere
10 does the Chrysler Group allege that those claims are successive
11 in nature, and nowhere does Chrysler contend that those claims
12 are governed by the terms of Chrysler Corp. LLC's bankruptcy
13 proceedings.
14     The Court is consequently unpersuaded that the remaining
15 claims against Chrysler Group are core bankruptcy claims because
16 they are neither unique to, or uniquely affected by, Chrysler
17 Corp. LLC's bankruptcy proceedings, and further do not directly
18 affect core bankruptcy functions.  <u>In re Petrie Retail, Inc.</u> 304
19 F.3d at 230.  As set forth above, Defendant Chrysler Group
20 implicated only the successor claims in that regard, and those
21 claims have been dismissed.  Defendant Chrysler's contention that
22 Plaintiffs' claims are "related to" the bankruptcy proceeding are
23 undercut for the same reason: no viable argument has been made
24 that the remaining indemnity claims vis-a-vis Chrysler Group's
25 dealers will affect the handling and administration of Chrysler
26 Corp. LLC's bankruptcy estate.
27 ///
28 ///

8

1  Finally, the Court rejects as wholly illogical the contention
2  that just because Plaintiffs filed a proof of claim against a
3  non-party to the present lawsuit (Chrysler Corp. LLC), its claims
4  against Defendant Chrysler Group and the other Defendants
5  automatically become core proceedings subject to the jurisdiction
6  of the bankruptcy court.
7       The Court's conclusion that no cognizable federal claim is
8  presented, and that this matter should accordingly be remanded
9  back to the originating state court, is further underscored by
10 consideration of the factors governing equitable remand, which
11 also demonstrate that this matter should go back to state court.
12 To determine whether remand is warranted on equitable grounds,
13 the following factors should be considered:  "(1) the effect of
14 the action on the administration of the bankruptcy estate;
15 (2) the extent to which the issues of state law predominate;
16 (3) the difficulty of applicable state law: (4) comity; (5) the
17 relatedness or remoteness of the action to the bankruptcy case:
18 (6) the existence of a right to jury trial; and (7) prejudice to
19 the party involuntarily removed from state court. In re Baptist
20 Foundation of Arizona, 2000 WL 35575676 at *7 (D. Ariz. 1996),
21 citing Williams v. Shell Oil Co., 169 B.R. 684, 692 (S.D. Cal.
22 1994).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Here, as already indicated, the bankruptcy debtor, Chrysler Corp. LLC, is not even a party to this lawsuit. In the absence of the successor claims, Chrysler Group has not demonstrated how the indemnity claims will impact the handling of the bankruptcy estate. Moreover, to the extent that bankruptcy is a potential issue, it affects only a single affirmative defense available to one defendant in a multiple-defendant case, and is consequently remote with regard to the case as a whole. Finally, to the extent that a bankruptcy defense is appropriate as to Defendant Chrysler Group, there is no reason in any event why the defense cannot be asserted in state court. State law issues clearly predominate, and trying this case together in state court, in a forum that can adjudicate this entire matter through a unitary jury trial, clearly favors concerns of both judicial economy and comity. Contrary to Defendant Chrysler's contention, given the case as it now stands this is not an attempt by Plaintiffs to relitigate the issue of successor liability in another forum.

**CONCLUSION**

Based on the foregoing, the Court finds this this case should be remanded to the originating state court, the Superior Court of the State of California in and for the County of Shasta, for final adjudication.

///
///
///
///

10

Plaintiffs' Motion to Remand (Docket No. 15) is accordingly GRANTED.[2]  Defendant Chrysler Group's Motion to Transfer Venue (Docket No. 8) to the United States District Court for the Southern District of New York, for referral to the United States Bankruptcy Court in that District is DENIED as moot.

IT IS SO ORDERED.

Dated: December 23, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

11