UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL STACEY WINN, individually and as successor in interest to Petra Monika Winn, deceased, KORY MICHAEL WINN, individually and as successor in interest to Petra Monika Winn, deceased, BREEONNA WINN, individually and as successor in interest to Petra Monika Winn, deceased, ERIKA WINN, individually and as successor in interest to Petra Monika Winn, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRYSLER GROUP, LLC, a Delaware corporation, successor in interest to DaimlerChrysler Corporation; MAGNA POWERTRAIN, INC.; MAGNA INTERNATIONAL OF AMERICA, INC. also known as Magna Powertain; GREAT VALLEY CHRYSLER JEEP, an unknown business entity; ENTERPRISE RENT-A-CAR COMPANY, a California corporation; S.J. DENHAM, INC., a California corporation, DEBORAH MATISENGLE; and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. 2:09-cv-02805-MCE-GGH<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

1

By Memorandum and Order filed December 24, 2009, this Court granted Plaintiffs' Motion to Remand the above-captioned matter back to the Superior Court of the State of California in and for the County of Shasta for further adjudication. Thereafter, on December 31, 2009, Defendant Chrysler Group, LLC ("Chrysler") presented an Ex Parte Application asking that the remand order be stayed in order to permit further briefing. Chrysler argues that such further briefing is necessary given the Court's dismissal of Plaintiffs' successor liability claims at a point after briefing on the Motion to Remand had been completed. According to Chrysler, it would not have relied exclusively on the successor liability claims to support federal jurisdiction had it known those claims would be dismissed. Chrysler now asserts that it should be permitted to brief the import of the remaining breach of contract claims, and argue that those claims also justify the jurisdiction of this Court, now that the scope of Plaintiffs' pleadings has changed. In order to do that, it initially asks the Court to stay remand in order to permit what in essence would amount to a reconsideration request of the Court's prior Order.

Having considered both Chrysler's Ex Parte Application and Plaintiff's Opposition thereto, the Court finds a stay of remand to be indicated. While the issue of Plaintiffs' attempted dismissal of the successor liability claims was an issue during the initial briefing process, at that time no dismissal had yet been effectuated. Given that change in circumstances, Chrysler should be permitted to posit its arguments for continuing federal jurisdiction even though it previously had relied only on the now-dismissed claims in arguing against remand.

1    The Court consequently GRANTS Plaintiff's Ex Parte
2 Application (Docket No. 38).  The Court's order remanding this
3 case to state court is stayed pending adjudication of a Motion
4 for Reconsideration.  That Motion must be filed not later than
5 February 10, 2010 and shall be noticed for hearing on March 11,
6 2010 at 2:00 p.m.  Opposition and reply papers are due in advance
7 of that March 11, 2010 hearing date in accordance with Local Rule
8 230(c) and (d).
9    IT IS SO ORDERED.

Dated: January 29, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3