1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL STACEY WINN, individually       No. 2:09-cv-02805-MCE-GGH
    and as successor in interest to
12  Petra Monika Winn, deceased, KORY
    MICHAEL WINN, individually and as
13  successor in interest to Petra
    Monika Winn, deceased, BREEONNA
14  WINN, individually and as successor
    in interest to Petra Monika Winn,
15  deceased, ERIKA WINN, individually
    and as successor in interest to
16  Petra Monika Winn, deceased,

17              Plaintiffs,

18           v.                            **ORDER**

19  CHRYSLER GROUP, LLC, a Delaware
    corporation, successor in interest
20  to Daimler Chrysler Corporation;
    MAGNA POWERTRAIN, INC.; MAGNA
21  INTERNATIONAL OF AMERICA, INC.,
    also known as Magna Powertain;
22  GREAT VALLEY CHRYSLER JEEP, an
    unknown business entity; ENTERPRISE
23  RENT-A-CAR COMPANY, a California
    corporation; S.J. DENHAM, INC., a
24  California corporation, DEBORAH
    MATISENGLE; et al.,

25              Defendants.

26

27                    ----oo0oo----

28  ///

1

1      By Memorandum and Order filed December 24, 2009, this Court

2  granted Plaintiffs' Motion to Remand the above-captioned matter

3  back to the Superior Court of the State of California in and for

4  the County of Shasta for further adjudication.  On December 31,

5  2009, Defendant Chrysler Group, LLC ("Chrysler") submitted an Ex

6  Parte Application asking that the remand order be stayed in order

7  to permit further briefing.  That request was granted on

8  January 29, 2010, with the Court staying this matter pending its

9  adjudication of a Motion for Reconsideration.  Now before the

10 Court is that reconsideration request, filed February 10, 2010.

11     A court should not revisit its own decisions unless

12 extraordinary circumstances show that its prior decision was

13 clearly erroneous or would work a manifest injustice.

14 Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816,

15 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This principle is

16 generally embodied in the law of the case doctrine.  That

17 doctrine counsels against reopening questions once resolved in

18 ongoing litigation.  Pyramid Lake Paiute Tribe of Indians v.

19 Hodel, 882 F.2d 364, 369 (9th Cir. 1989).  Nonetheless, in

20 certain limited situations the court may reconsider its prior

21 decisions.

22     Reconsideration may be appropriate where 1) the court is

23 presented with newly discovered evidence; 2) the court committed

24 clear error or the initial decision was manifestly unjust; or

25 3) there is an intervening change in controlling law.  See Turner

26 v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir.

27 2003); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5

28 F.3d 1255, 1263 (9th Cir. 1993) (citations and quotations omitted).

1 | Local Rule 230(j) similarly requires a party seeking reconsideration

2 | to demonstrate "what new or different facts or circumstances are

3 | claimed to exist which did not exist or were not shown upon such

4 | prior motion, or what other grounds exist for the motion," and

5 | "why the facts or circumstances were not shown at the time of the

6 | prior motion."

7 | "Motions for reconsideration serve a limited function: to

8 | correct manifest errors of law or fact or to present newly

9 | discovered evidence."   Ayala v. KC Envtl. Health, 426 F. Supp.

10 | 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in original) (internal

11 | citations omitted).  Mere dissatisfaction with the court's order,

12 | or belief that the court is wrong in its decision, are

13 | accordingly not sufficient.  Reconsideration requests are

14 | addressed to the sound discretion of the district court.  Turner

15 | v. Burlington N. Santa Fe R.R., supra, 338 F.3d at 1063.

16 | According to Chrysler, it initially emphasized Plaintiffs'

17 | successor liability claims in opposing Plaintiffs' Motion to

18 | Remand because in Chrysler's view those claims clearly ran

19 | counter to the terms of prior bankruptcy proceedings (which

20 | approved its purchase of assets from Chrysler's predecessor in

21 | interest, Chrysler Corp. LLC) and accordingly supported the

22 | exercise of federal jurisdiction in order to safeguard the

23 | bankruptcy court's orders.  The successor liability claims

24 | against Chrysler were, however, dismissed at a point after

25 | briefing on the original Motion to Remand had been completed.

26 | ///

27 | ///

28 | ///

1  Given that change of circumstances, and in view of Chrysler's

2  argument that it would not have relied so exclusively on the

3  successor liability claims to support federal jurisdiction had it

4  known those claims would be dismissed, the Court permitted this

5  Motion in order to afford Chrysler the opportunity to show that a

6  different result is indicated and that the Court should retain

7  jurisdiction on the basis of Plaintiffs' breach of contract

8  claims against Chrysler, alone.[1]  Consequently, Chrysler urges

9  that the Court reconsider its prior ruling based on facts that

10  had not been previously adduced given the earlier complexion of

11  this case.

12      In satisfying its burden in that regard, Chrysler primarily

13  points to the fact that in purchasing its predecessor's assets,

14  it did not expressly assume liabilities arising from the

15  dealership agreement reached with one of the so-called "dealer"

16  defendants involved in this case, Great Valley Chrysler Jeep

17  ("Great Valley").

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27      [1] Those claims are set forth in the Sixth and Seventh Causes of Action contained within Plaintiffs' First Amended Complaint. In its December 14, 2009 Order (at 8:6-9), those claims were

28  identified in error as the Fifth and Sixth Causes of Action.

4

1 Chrysler argues that because it can assert that defense with

2 regard to any liability it may have with respect to Great Valley,

3 the Court should retain jurisdiction over this entire case,[2]

4 despite the fact that the lawsuit admittedly only alleges claims

5 grounded in state law, and despite  the fact Chrysler does not

6 contest that it assumed liability with respect to the other two

7 named dealer defendants, R.J. Denham, Inc. and Enterprise Rent-a-

8 Car Company.[3]

9     The gravamen of Chrysler's argument, then, is because any

10 claims as to the Great Valley dealership agreement undermine the

11 terms of the Sales Order as approved by the bankruptcy court,

12 those claims "have a direct impact on the administration of the

13 bankruptcy estate" and consequently fall within the bankruptcy

14 court's "retained jurisdiction to interpret the force and effect

15 of its Sales Order."  Reply, 3:23-26.

16     This contention loses sight of what appears to be a

17 relatively minor role of Great Valley in this case as a whole.

18 As set forth in the Court's December 24, 2009 Memorandum and

19 Order, this lawsuit is a wrongful death action which claims

20 damages against the manufacturers/suppliers of the Chrysler

21 vehicle driven by Plaintiffs' decedent, Petra Winn, at the time

22 of ths subject accident.

23

24     [2] Specifically, Chrysler states as follows: "Plaintiffs'
breach of contract claims, which attempt to enforce the Great
25 Valley Chrysler dealership agreement, are completely contrary to
the Bankruptcy Court's Sale Order."  Def.'s Mot., 9:23-25.  As
26 such, Chrysler maintains that the entire action belongs in
federal court so that the bankruptcy court, in turn, can resolve
27 such claims.

28     [3] See Reply, 4:3-9.

1 Other named defendants include S.J. Denham, the dealership who

2 bought the Chrysler from Enterprise Rent-a-Car and sold it to

3 Ms. Winn, and the driver of the other vehicle involved in the

4 accident, Deborah Matisengle.  Great Valley's dealership role

5 appears to be two layers removed from Petra Winn: the sales

6 transaction it brokered was the initial purchase, by Enterprise.

7 Enterprise, in turn, sold the vehicle to Denham and it was Denham

8 that sold the car to Petra Winn herself.  As indicated above,

9 because Chrysler has already assumed the dealership agreements

10 applicable to both Enterprise and Denham, only the first sales

11 transaction (and the one arguably most remote from Petra Winn)

12 falls within the purview of Chrysler's argument for invoking this

13 Court's jurisdiction.

14    Under 28 U.S.C. § 1334(b), this Court has original, but not

15 exclusive, jurisdiction over cases that either "arise under" or

16 are "related to" bankruptcy cases under Title 11.  Mann v. GTCR

17 Golder Rauner, LLC, 483 F. Supp. 2d 884, 894 n.8 (D. Ariz. 2007).

18 While this Court consequently has the discretion to retain this

19 matter to the extent that it bears some relation to the

20 bankruptcy proceedings of Chrysler's predecessor in interest

21 (which it assuredly does), care must nonetheless be taken to

22 avoid construing § 1334(b) too broadly so as to bring into

23 federal court matters that should be left for state courts to

24 decide.  See, e.g., In Matter of FedPak Systems, Inc., 80 F.3d

25 207, 213-14 (7th Cir. 1996).

26 ///

27 ///

28 ///

1    As stated in its December 24, 2009 Memorandum and Order,

2 under principles of equitable remand it is proper for this matter

3 to be adjudicated in state court.  Equitable remand focuses on

4 the consideration of several factors: "(1) the effect of the

5 action on the administration of the bankruptcy estate; (2) the

6 extent to which the issues of state law predominate; (3) the

7 difficulty of applicable state law: (4) comity; (5) the

8 relatedness or remoteness of the action to the bankruptcy case:

9 (6) the existence of a right to jury trial; and (7) prejudice to

10 the party involuntarily removed from state court.  In the Matter

11 of:  Baptist Foundation of Arizona, 2000 WL 35575676 at *7 (D.

12 Ariz. 1996), citing Williams v. Shell Oil Co., 169 B.R. 684, 692

13 (S.D. Cal. 1994).

14    As the Court has already explained, weighing these factors

15 tips decisively in favor of remanding this matter back to state

16 court.  The actual debtor in bankruptcy, Chrysler Corp. LLC, is

17 not even a party to this lawsuit.  Plaintiffs' lawsuit asserts

18 claims sounding exclusively in state law, and to the extent that

19 bankruptcy is a potential issue at all, it affects only a single

20 affirmative defense available to one defendant in this multiple-

21 defendant case.  The issue of bankruptcy is therefore, at best,

22 an attenuated one.  Finally, to the extent that a bankruptcy

23 defense is appropriate as to Defendant Chrysler, there is no

24 reason why the defense cannot be asserted in state court.

25 ///

26 ///

27 ///

28 ///

7

1 State law issues clearly predominate as a whole, and trying this

2 case together in state court, in a forum that can adjudicate this

3 entire matter through a unitary jury trial (a procedure not

4 normally available in bankruptcy court), clearly favors concerns

5 of both judicial economy and comity.

6    The only reason advanced by Chrysler for federal

7 jurisdiction is to allow its single federal defense as to one

8 defendant to be adjudicated by federal court.  This is not enough

9 to counter all the other reasons which plainly favor resolution

10 in state court.  Significantly, too, Chrysler has already assumed

11 liability for the two other dealer defendants, Denham and

12 Enterprise, and is therefore a proper defendant in state court on

13 the breach of contract claims in any event.[4]

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22

23    [4] These circumstances alone distinguish this case from
district court decisions coming to a contrary result, as cited by
24 Chrysler and attached as Exhibits E-G to the Declaration of John
Gherini filed in support of the instant Motion.  In those cases,
25 unlike the case at bar, there was no indication that Chrysler had
properly assumed liability with respect to agreements inuring to
26 the benefit of any other defendant.  Moreover, the Court's review
of those cases indicates that they revolve primarily around
27 straightforward successor liability, a factor no longer at issue
here given Plaintiffs' dismissal of all causes of action directly
28 dependent on such liability.

1   For all the foregoing reasons, Defendant Chrysler's Motion

2  for Reconsideration (Docket No. 43) is DENIED.[5]  Plaintiffs'

3  request that the Court assess costs against Chrysler for bringing

4  this Motion is, however, also DENIED.  Finally, the stay placed

5  on remanding this case back to Shasta County is lifted.  The case

6  is transferred and the Clerk of this Court is ordered to close

7  the file.

8   IT IS SO ORDERED.

9
  Dated: April 8, 2010

10

11  _____

12  MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [5] Because oral argument was not of material assistance, the
   Court ordered this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 230(g).